# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 12-696V
Filed: November 30, 2015

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | UNPUBLISHED |
| ALLEN HALL, *Personal Representative* | * | |
| *of the Estate of* APRIL MICHELLE | * | |
| JUSTICE, | * | |
| | * | |
| Petitioner, | * | Chief Special Master Dorsey |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Joint Stipulation on Damages |
| AND HUMAN SERVICES, | * | Influenza (Flu) Vaccine; |
| | * | Chronic Inflammatory Demyelinating |
| Respondent. | * | Neuropathy (CIPD) |
| | * | |
| * * * * * * * * * * * * * | * | |

James C. Wright, Butler, Vines & Babb, PLLC, Knoxville, TN, for petitioner.
Michael P. Milmoe, U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION[1]

On October 15, 2012, Allen Hall filed a petition for compensation on behalf of his deceased daughter, April Michelle Justice ("April"), under the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-1 to -34 (2012).  Petitioner alleged that as a result of receiving the Influenza (flu) vaccine on September 4, 2010, April suffered from Chronic Inflammatory Demyelinating Neuropathy ("CIPD"), which eventually led to her death on May 27, 2014.  Petition at 1; Petitioner's ("Pet'r's") Status Report dated June 26, 2014, (ECF No. 51).

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 (2012)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("the Act").  All citations in this decision to individual sections of the Act are to 42 U.S.C. §300aa.

On November 25, 2015, the parties filed a stipulation stating that a decision should be entered awarding compensation.

Respondent denies that the flu vaccine caused April's CIPD or any other injury and further denies that her death on May 27, 2014, was a sequela of a vaccine-related injury. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulated that petitioner shall receive the following compensation:

a. **A lump sum of $380,148.94**, representing reimbursement of a State of Tennessee Medicaid lien, **in the form of a check payable jointly to petitioner and:**
   **Blue Cross/Blue Shield of Tennessee**
   **BlueCare/TennCare**
   **1 Cameron Hill Circle**
   **Chattanooga, TN 37402**
   **Attn: Tammy Miller**
   which petitioner shall endorse to the appropriate State agency; and

b. **A lump sum of $247.26**, representing reimbursement of a State of Tennessee Medicaid lien, **in the form of a check payable jointly to petitioner and:**
   **State of Tennessee**
   **Department of Finance and Administration**
   **Bureau of TennCare**
   **Third Party Liability Division**
   **310 Great Circle Road, 4th Fl.**
   **Nashville, TN 37243**
   **Attn: Brittney Faris**
   Which petitioner shall endorse to the appropriate State agency; and

c. **A lump sum of $365,000.00, in the form of a check payable to petitioner.** This amount represents compensation for all items of damages that would be available under 42 U.S.C. § 300aa-15(a).

Stipulation ¶ 8.

The undersigned approves the requested amount for petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

/s/ Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ALLEN HALL, Personal Representative of the Estate of APRIL MICHELLE JUSTICE, )<br>Petitioner, )<br>v. )<br>SECRETARY OF HEALTH AND HUMAN SERVICES, )<br>Respondent. ) | No. 12-696V (ECF)<br>Chief Special Master<br>Nora Beth Dorsey |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner, Allen Hall, brought a petition for vaccine compensation on behalf of his deceased daughter, April Michelle Justice ("April"), under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to April's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).[1]

2. April received a flu vaccination on September 4, 2010.

3. The vaccine was administered within the United States.

4. Petitioner alleges that April suffered Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP") which was caused-in-fact by the flu vaccine. Petitioner further alleges that April died on May 27, 2014 as a result of her CIDP.

---

[1] The petition was initially filed by April on October 15, 2012, prior to her death. The petition was amended on July 31, 2104, to reflect that her father, as personal representative of her estate, became the proper petitioner pursuant to 42 U.S.C. § 11(b)(1)(A) following her death.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on April's behalf as a result of her alleged injury and death.

6. Respondent denies that the flu vaccine caused April's alleged CIDP, or any other injury, and further denies that April's death on May 27, 2014, was a sequela of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

a) a lump sum of $380,148.94, which amount represents reimbursement of a State of Tennessee Medicaid lien, in the form of a check payable jointly to petitioner, and

BlueCross/BlueShield of Tennessee
BlueCare/TennCare
1 Cameron Hill Circle
Chattanooga, TN 37402
Attn: Tammy Miller

b) a lump sum of $247.26, which amount represents reimbursement of a State of Tennessee Medicaid lien, in the form of a check payable jointly to petitioner, and

State of Tennessee
Department of Finance and Administration
Bureau of TennCare
Third Party Liability Division
310 Great Circle Road 4th Floor
Nashville, TN 37243
Attn: Brittany Faris

Petitioner agrees to endorse these two checks to the appropriate State agencies.

c) a lump sum of $365,000.00 in the form of a check payable to petitioner, as Personal Representative of the Estate of April Michelle Justice, representing all remaining damages available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a prepaid basis.

11. Payments made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that he presently is, or within 90 days of the date of judgment will become, duly authorized to serve as legal representative of April Michelle Justice's estate under the laws of the State of Tennessee. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing his appointment as legal representative of April's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of the estate of April Michelle Justice at the time a

payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the estate of April Michelle Justice upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity, and as legal representative of the Estate of April Michelle Justice, deceased, and on behalf of April's heirs, executors, administrators, successors, and assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of April resulting from, or alleged to have resulted from, the flu vaccination administered on September 4, 2010, as alleged by petitioner in a petition for vaccine compensation filed on or about October 15, 2012, in the United States Court of Federal Claims as petition No. 12-696V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except

Page 4 of 6

as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused April's CIDP or any other injury or contributed in any way to her death.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

ALLEN HALL

**ATTORNEY OF RECORD FOR
PETITIONER:**

JAMES C. WRIGHT, ESQ.
Butler, Vines & Babb
2701 Kingston Pike
P.O. Box 2649
Knoxville, TN 37901
(865) 637-3531

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146

**AUTHORIZED REPRESENTATIVE OF
THE SECRETARY OF HEALTH AND
HUMAN SERVICES:**

A. MELISSA HOUSTON, M.D., M.P.H., FAAP
Director
Division of Injury Compensation Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Stop 11C-26
Rockville, MD 20857

**ATTORNEY OF RECORD FOR
RESPONDENT:**

MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4125

DATE: Nov. 25, 2015